# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1626 | **DATE** | July 6, 2010 |
| **CASE TITLE** | JOHN CONRIN v. UNITED STATES OF AMERICA | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to vacate, set aside or correct sentence [1] is denied.

## STATEMENT

     In this 28 U.S.C. § 2255 petition for relief, James Conrin ("Conrin") seeks to vacate his conviction for health care fraud i.e. obtaining substantial payment by submitting claims for reimbursement for services not provided or not eligible for reimbursement.

     Conrin pled guilty after a thorough plea colloquy, the adequacy of which he does not dispute. His petition (and his reply to the prosecution's answer) consists of very lengthy descriptions of how his counsel failed him in many ways and how he was coerced into pleading guilty by his counsel's advice that if he stood trial he would likely receive a higher sentence.

     He makes some assertions about his understanding of his circumstances that demonstrate he is reconstructing history. One example is his claim that his lawyer did not instruct him about a collateral consequence of his conviction–the loss of the ability to practice as a clinical psychologist and thus was harmed in his post-sentence life. It is clear from the proceedings in open court that he knew he would not be licensed to practice with the possible exception of a country outside the United States, and he was informed again of these consequences at sentencing. On its merits the petition appears to have little chance of success.

     Petitioner challenges his sworn statements in open court that establish the validity of his conviction, and asks that they be disregarded in favor of his current statements. This practice of asking a court to disregard a sworn statement essentially on the ground that "that was then, this is now" is not legally permissible. *United States v. Stewart,* 198 F.3d 984, 987 (7th Cir. 1999). He had his chance to state his plea was being coerced or based on promises undisclosed to the court. Under the law, he has had his chance and

| STATEMENT |
|---|

there is no replay. *Stewart,* 198 F.3d at 987. This is a case, in any event, in which Petitioner did not appeal; an act which forecloses many of his claims.

The fact is that even if these claims were valid, they come too late. Section 2255 has a one-year statute of limitations. 28 U.S.C § 2255(f). Absent appeal, the one-year period started running on or after 19 February 2008, the date that Conrin's judgment of conviction became final. This petition was filed on 16 March 2009, a little short of a month late. Even if I were to credit the word processor time stamp on the petition as the mailing and filing date, it does Petitioner no good since it is "3/11/2009." *Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir.1999) (for purposes of statute of limitations, a pro se petitioner's habeas corpus petition is properly filed "when given to the proper prison authorities and not when received by the district court clerk."); *see People v. Saunders,* 633 N.E.2d 1340, 1342 (Ill. App. Ct. 1994) (applying mailbox rule to pro se post-conviction petitions). Under our rules, I could not credit the mailing date as the filing date because Petitioner was not in custody and dependent on correctional officers to mail his petitions.

There is a claim that Petitioner was not advised about the option to file a § 2255 petition, but ignorance of the law providing such a remedy does not save him. *Godoski v. United States*, 304 F.3d 761, 762 (7th Cir. 2002). In fact, Petitioner states he was aware of the existence of the collateral remedy when another inmate informed of it no later that "10/21/08" which is nearly four months before the deadline, more than enough time to realize that a petition had to be filed to toll the statute. There is no newly-discovered evidence here, all the facts on which Petitioner bases his claims were known to him long ago; most before his plea and the rest shortly before or after his sentence. Similarly, there is no claim that anything was discovered after the statute of limitations expired. There is nothing to toll the running of the statute of limitations.

Ignorance of the time limits of post-conviction remedies is not an escape hatch from the limitation. *See Godoski v. United States*, 304 F.3d 761 (7th Cir. 2002). Indeed, Petitioner does not even assert that he was unaware of the one-year limitation. He simply argues that it is possible to secure § 2255 relief after the year has passed in "extraordinary conditions" (Petitioner's Reply p. 11). The extraordinary condition here is alleged to be his lawyer's advice that he not appeal. But well before the expiration of the time limit for post-conviction petitions, Conrin was aware that there was another way to challenge his conviction. He did not try to use it until it was too late.

The motion under § 2255 to suppress the indictment, vacate the charges, vacate the restitution order, terminate supervised relief, expunge the record, renew his clinical psychologist license, restore his full rights, and return his passport is denied for untimeliness.